```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
                                                        :
NAHSHON JACKSON,                                        :
                                                        :
                Petitioner,                             :    REPORT AND
                                                        :    RECOMMENDATION
        -v.-                                            :
                                                        :    14 Civ. 202 (GBD) (GWG)
MICHAEL CAPRA,                                          :
                                                        :
                Respondent.                             :
                                                        :
-----------------------------------------------------------------------x
```

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

NahShon Jackson, an inmate at Sing Sing Correctional Facility in Ossining, New York, brings this petition for a writ of habeas corpus to challenge a decision by the New York State Board of Parole ("Parole Board") denying his application to be released from prison. As discussed below, Jackson's petition should be dismissed because his claim has not been exhausted. Jackson's other requests for relief, including his purported motion for a preliminary injunction, should be denied.

I.      BACKGROUND

In 1988, Jackson pled guilty to first-degree assault in Nassau County Court. See State Court Record (annexed as Ex. 1 to Answer, filed May 16, 2014 (titled Response to Petition for Writ of Habeas Corpus on ECF, Docket # 12)) ("SR"), at 1. Later that year, he was sentenced to an indeterminate term of 3 ½ to 10 years imprisonment. See id. Jackson was released from prison on September 23, 1992. See id. at 2. He was placed on parole supervision through July 28, 1997, which was the maximum term of his indeterminate sentence. Id.

1

Two months after his release, on November 24, 1992, Jackson was arrested and charged with murder and robbery in Suffolk County, New York. Id. at 4. The Parole Board did not immediately declare Jackson to be delinquent in his parole supervision, see id. at 3, 9 (Board Action reports dated December 30, 1992 and May 12, 1993, recording "No delinquency pending court action"), apparently because a Suffolk County Assistant District Attorney requested that the Parole Board not conduct a parole revocation hearing until after the criminal case had been completed, see id. at 4.

After a trial in Suffolk County, Jackson was convicted of second-degree murder and first-degree robbery. See id. at 12. On January 25, 1995, he was sentenced to concurrent, indeterminate terms of imprisonment of 25 years to life for the second-degree murder and 12 ½ to 25 years for the first-degree robbery. Id.[1]

Several months later, on April 18, 1995, the Parole Board issued a "Notice of Final Declaration of Delinquency." Id. at 14. The Parole Board concluded that Jackson's conviction reflected a violation of the terms of his parole supervision. See id. The Parole Board notice stated that the time period from November 16, 1992 (Jackson's "date of delinquency") through July 28, 1997, the scheduled maximum expiration date of his 1988 sentence, could be added to the maximum expiration term of his new sentence. See id.

On June 25, 2013, the Parole Board held a hearing on Jackson's release before Commissioners Hernandez and Elovich. See id. at 23. At that hearing, Commissioner

---

[1] The Appellate Division, Second Department, subsequently affirmed the judgment of conviction, People v. Jackson, 241 A.D.2d 526 (2d Dep't 1997), and the New York Court of Appeals denied leave to appeal, People v. Jackson, 99 N.Y.2d 655 (2003). The Supreme Court denied certiorari and Jackson's motion for rehearing. Jackson v. New York, 523 U.S. 1061 (1998), reh'g denied, 524 U.S. 946 (1998).

Hernandez asked Jackson several questions about his second arrest, conviction, and sentence.

The relevant portions of the hearing transcript read as follows:

> Q: The record indicates you were found guilty and sentenced to twenty-five-to-life for murder in the second degree with concurrent term of twelve-and-a-half-to-twenty-five for robbery in the first degree, is that correct?
>
> A: Well, I dispute that and the reason why I dispute that is, I don't know if you looked at my parole records, I have been trying to get the attention of Terrance [sic] Tracy, who is the Board Counsel, to investigate my situation to the extent that I am claiming that I was never indicted for this incident.
>
> . . .
>
> Q: According to the record I have here, says you and three other individuals on Long Island went into McDonald's in Central Islip back in 1992, says seven employees were threatened at gunpoint and one employee ended up being shot and killed. The record indicates, sir, that you were found guilty and sentenced back in 1995 and I already read what that sentence is. Okay. I do see this is your second time in State prison. The first time was for assault first back in 1988. The record indicates you were under parole supervision when you were involved in the instant offense. Anything that you want to say?
>
> A. First and foremost, when I got arrested in [sic] November 24th, 1992, I got arrested upon making my parole appearance in Nassau County, my parole officer at that time.
>
> Q: So what happened that you got caught up in this? Are you saying you didn't commit the crime?
>
> A: I maintained my innocence throughout the whole proceeding and basically I explained to you how this whole proceeding, this whole matter, how I ended up in prison.
>
> . . .
>
> Q: You are still maintaining your innocence. Did you know any of your codefendants?
>
> A: Yes.
>
> Q: Did anyone testify at your trial?
>
> A: Yes. People from the establishment testified.

3

> Q: We have your sentencing minutes. You appeared before the Honorable Alfred Tisch back in Riverhead back in 1995, we'll consider anything in your sentencing minutes that the judge might have said. You are saying you have no appeals at this time?
>
> A: No appeals, ma'am.
>
> Q: That is the proper venue, sir, here is not the proper place for you to appeal your case, okay? We have to assume that you are guilty because of what we have, okay?
>
> A: Okay.
>
> Q: And I do see that in your sentencing minutes that you maintained your innocence, that is in your sentencing minutes, I want you to know that.

Id. at 24-27.

After additional discussion, the hearing concluded. On July 1, 2013, the Parole Board issued its decision denying Jackson's application for parole. See id. at 34. Specifically, the decision stated that parole was "denied - hold for 24 months, next appearance date: 03/2015." Id. The "folder copy" of that decision stated that it was "based on review of the case record as well as the interview with parole board members" Hernandez and Elovich. Id. at 35. The "folder copy" of the hearing transcript, see id. at 34, and the copy that was sent to Jackson, see id. at 31 and Ex. B to Petition for a Writ of Habeas Corpus, filed Jan. 8, 2014 (Docket # 1) ("Petition"), contained nearly identically-worded explanations of why his application for parole was denied. The Commissioners' explanation included the severity of the offenses and Jackson's "poor behavior" during his incarceration. See SR at 31, 34. The transcript copy that Jackson received stated that "[a]fter due deliberation by the Parole Board, the following Decision was rendered" and noted that "Commissioner Elovich concurred." Id. at 31.

Jackson filed a notice of administrative appeal of the Parole Board's decision on July 2, 2013. See id. at 36. The Appeals Unit of the Department of Corrections and Community Supervision Board of Parole, Counsel's Office ("Appeals Unit") sent Jackson a memorandum setting a deadline of October 31, 2013, to submit documents perfecting that appeal. See id. at 37. The memorandum explained that to perfect the appeal, Jackson had to file "an original and two copies of a document which explains the ground for your appeal and the specific rulings challenged." Id. On August 12, 2013, Jackson wrote a letter to the Appeals Unit, requesting an extension of this deadline for "[g]ood cause" because the copy of the Parole Board hearing transcript that he received was not properly certified. Id. at 38. On September 2, 2013, Jackson wrote another letter to the Appeals Unit, supplementing his request for an extension of time to perfect his appeal. See id. at 41. In this letter, Jackson contended that there was no proof that Commissioners Hernandez and Elovich issued the decision to deny his application for parole and that the Commissioner's Worksheet that had been provided to him was not authentic. See id. at 41-42, 45. The deadline for Jackson to perfect his appeal was subsequently extended to December 2, 2013. See id. at 54.

On November 11, 2013, Jackson wrote a letter to Terrence Tracy at the Parole Board Counsel's Office requesting another extension of the deadline. See id. at 55. This time, he contended that an extension was warranted because certain matters were pending before New York Governor Andrew M. Cuomo and Suffolk County District Administrative Judge C. Randall Hinrichs, which, if resolved in his favor, would render his appeal to the Appeals Unit moot. Id. at 55-56. The Appeals Unit again extended the deadline, this time to April 21, 2014. See id. at 57. The letter from the Appeals Unit stated that any further application for an extension of time must be made at least five days before the new deadline. See id. Jackson did not file the

documents to perfect his appeal by April 21, 2014, nor did he request a further extension of time to file.  See Petition ¶¶ 15-16.  His appeal was dismissed with prejudice on May 5, 2014.  See SR at 58 (printout from Parole Board's case tracking system); see also N.Y. Comp. Codes R. & Regs. tit. 9, § 8006.2(f) ("If, after the expiration of four months or any period of extension that may have been granted, the appeal is not perfected, it will automatically be dismissed with prejudice.").

Jackson filed the instant petition for a writ of habeas corpus on January 8, 2014.  See Petition.  He asserts that his imprisonment violates the Thirteenth and Fourteenth Amendments of the Constitution.  See id. ¶ 2.  The claims in Jackson's petition are not clear, but he appears to contend either that he was never convicted of the 1992 offense or that his conviction was somehow "never reported" to the Parole Board.  See id. ¶¶ 19-22.  He therefore argues that he should be released because the maximum sentence for his 1988 offense has expired and his continued imprisonment violates the Thirteenth Amendment.  See id. ¶ 21.  Alternatively, Jackson contends that Parole Board Commissioners Hernandez and Elovich, who heard his application for release, did not render a decision on that application.  See id. ¶¶ 22-24.  Jackson contends that the decision was instead issued by "correction counselors" through the unauthorized use of a "Commissioner's Worksheet."  Id. ¶ 26.

On May 16, 2014, the Respondent filed his answer to the Petition along with a Memorandum of Law (Docket # 13) ("Resp. Mem."), and the State Court Record.  Jackson filed a response on July 10, 2014 (Docket # 20), in which he disputed certain facts and arguments made in the Respondent's answer and requested that the State Court Record be expanded.

Jackson has also sent numerous letters to the Court.[2]  One such letter requested that he be allowed to conduct discovery.  See July 9 Letter.  In other letters, Jackson requested that the Court set bail and release him pending resolution of his habeas petition.  See May 25 Letter; June 8 Letter; June 17 Letter; June 24 Letter; July 1 Letter.  Jackson also filed a motion seeking an order enjoining officials at Sing Sing Correctional Facility from taking "arbitrary and retaliatory disciplinary actions" towards him.  See Motion for Expedited Preliminary Injunction, filed July 15, 2014 (Docket # 24) ("PI Mot.").  Respondent filed a response on July 17, 2014, opposing all of these requests.  See Response to Petitioner's Requests for Release on Bail, Discovery, and a Preliminary Injunction (Docket # 25).

II.     APPLICABLE LAW

    A.     The Governing Habeas Statute

Jackson purports to bring this habeas petition under 28 U.S.C. § 2241.  See Petition ¶ 1.  Respondent assumes, without discussion, that the petition has been brought under 28 U.S.C. § 2254.  See Resp. Mem. at 1, 9.  We agree with Respondent's sub silentio argument that the petition must be treated as if brought under 28 U.S.C. § 2254.

Section 2241 is the "general habeas corpus statute," INS v. St. Cyr, 533 U.S. 289, 298 (2001), granting federal courts the power to issue writs of habeas corpus, see 28 U.S.C. § 2241(a).  However, where a habeas petitioner is "in custody pursuant to the judgment of a

---

[2] See Letter addressed to Judge George B. Daniels from NahShon Jackson, dated May 25, 2014 (Docket # 19) ("May 25 Letter"); Letter addressed to Judge George B. Daniels from NahShon Jackson, dated June 8, 2014 (Docket # 21) ("June 8 Letter"); Letter addressed to Judge George B. Daniels from NahShon Jackson, dated June 17, 2014 (Docket # 22) ("June 17 Letter"); Letter addressed to Judge George B. Daniels from NahShon Jackson, dated June 24, 2014 (Docket # 17) ("June 24 Letter"); Letter addressed to Judge George B. Daniels from NahShon Jackson, dated July 1, 2014 (Docket # 18) ("July 1 Letter"); Letter addressed to Magistrate Judge Gabriel W. Gorenstein from NahShon Jackson, dated July 9, 2014 (Docket # 23) ("July 9 Letter").

State court," section 2254 applies. 28 U.S.C. § 2254(a), (b)(1). Thus, "[a] state prisoner . . . not only may, but according to the terms of section 2254 <u>must</u>, bring a challenge to the execution of his or her sentence . . . under section 2254." <u>Cook v. N.Y. State Div. of Parole</u>, 321 F.3d 274, 278 (2d Cir. 2003) (emphasis added) (habeas petition based on a revocation of parole is properly considered under section 2254 despite its having been labeled a section 2241 petition). Accordingly, it is well settled that "a state prisoner seeking release who is challenging a parole board's denial of his request for parole is required to bring that challenge pursuant to 28 U.S.C. § 2254." <u>Krebs v. Spitzer</u>, 2008 WL 2003852, at *7 (N.D.N.Y. May 7, 2008) (citing <u>Rossney v. Travis</u>, 2003 WL 135692, at *5 (S.D.N.Y. Jan. 17, 2003), <u>aff'd</u>, 93 F. App'x 285 (2d Cir. 2004)); <u>accord</u> <u>Coar v. N.J. State Parole Bd.</u>, 2006 WL 2319434, at *2 (D.N.J. Aug. 9, 2006).

Where a habeas petition should have been brought under section 2254 but is mislabeled as a petition under section 2241, the court must treat it as a section 2254 petition, because "[i]t is the substance of the petition, rather than its form, that governs." <u>Cook</u>, 321 F.3d at 277-78 (internal quotation marks, alteration, and citation omitted) (quoting <u>James v. Walsh</u>, 308 F.3d 162, 166 (2d Cir. 2002)). Therefore, we treat Jackson's petition as having been brought under 28 U.S.C. § 2254.

    B.    <u>Exhaustion</u>

With certain exceptions not applicable here, section 2254 requires that petitioners exhaust the remedies available to them in state court before they may be granted federal habeas relief. <u>See</u> 28 U.S.C. § 2254(b)(1)(A). In <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838 (1999), the Supreme Court held:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one

>full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

Id. at 845; accord Smith v. Duncan, 411 F.3d 340, 347 (2d Cir. 2005). Thus, a habeas petitioner must have presented each claim to all available levels of the state court. See, e.g., Baldwin v. Reese, 541 U.S. 27, 29 (2004). Moreover, the petitioner must have fairly presented the "federal nature" of each claim to the state courts. Id.; see Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Rosa v. McCray, 396 F.3d 210, 217 (2d Cir. 2005). "[T]he exhaustion requirement applies . . . to cases in which a prisoner challenges the validity of administrative action internal to the prison system that affects the fact or length of the prisoner's confinement." Jenkins v. Haubert, 179 F.3d 19, 22 (2d Cir. 1999) (citing Preiser v. Rodriguez, 411 U.S. 475, 491-92 (1973)). Thus, the exhaustion requirement applies to challenges by prisoners to decisions of the Parole Board denying them parole. See, e.g., Scott v. Dennison, 739 F. Supp. 2d 342, 350 (W.D.N.Y. 2010); Jones v. Giambruno, 2009 WL 1362847, at *12 (W.D.N.Y. May 14, 2009); Flanders v. Chairman of Div. of Parole State of N.Y., 2004 WL 253323, at *2 (S.D.N.Y. Feb. 10, 2004).

III. DISCUSSION

As a preliminary matter, the Court notes that because Jackson is a pro se litigant, we hold his submissions "to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980) (per curiam); accord Scales v. N.Y. State Div. of Parole, 396 F. Supp. 2d 423, 428 (S.D.N.Y. 2005). Additionally, we construe his submissions "liberally." E.g., McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999).

9

A.     The Petition

The Respondent argues that the claims in Jackson's petition have not been exhausted and thus must be dismissed. See Resp. Mem. at 9-12. The Respondent also argues that the petition fails on the merits. See id. at 12-15. We agree that Jackson's claims are unexhausted and therefore must be dismissed. Accordingly, we do not reach the merits.

Under New York law, a prisoner seeking to appeal a denial of parole must first file an administrative appeal with the Appeals Unit of the Division of Parole. E.g., Robles v. Dennison, 745 F. Supp. 2d 244, 258 (W.D.N.Y. 2010); Scales, 396 F. Supp. 2d at 428; see N.Y. Comp. Codes R. & Regs. tit. 9, § 8006.1. If that appeal is denied, the prisoner must seek relief in New York state court pursuant to Article 78 of the New York Civil Practice Law and Rules. E.g., Scales, 396 F. Supp. 2d at 428. If the Article 78 petition is denied, the prisoner must then appeal the denial "to the Appellate Division and then seek leave to appeal to the Court of Appeals." Johnson v. Horn, 2010 WL 5313542, at *3 (E.D.N.Y. Dec. 15, 2010).

Jackson acknowledges that he never completed his administrative appeal to the Appeals Unit.[3] See Petition ¶¶ 15-16. Nor does he assert that he filed an Article 78 proceeding or took any of the required court actions to exhaust his claim. Thus the claims in the petition are unexhausted and must be dismissed for this reason alone.

Jackson contends that he should be excused from any failure to exhaust because "pursuing such remedy would be futile." Petition ¶ 16. He seems to argue that he would not have been allowed to file an appeal with the Appeals Unit because a prisoner may only appeal

---

[3] Additionally, Jackson's appeal to the Appeals Unit was dismissed with prejudice. See SR at 58; N.Y. Comp. Codes R. & Regs. tit 9, § 8006.2(f) ("If, after the expiration of four months or any period of extension that may have been granted, the appeal is not perfected, it will automatically be dismissed with prejudice.").

10

from "a <u>final</u> determination of the Board of Parole," N.Y. Comp. Codes R. & Regs. tit. 9, § 8006.1 (emphasis added), and he contends that the Parole Board Commissioners did not render a decision on his application, <u>see</u> Petition ¶¶ 9, 22-24. Thus, he states that any attempt to appeal the denial of his application would have been futile. <u>See id.</u> ¶¶ 16-17.

   This argument appears to merge to some extent into the underpinning of Jackson's claims on the merits: his insistence that the documents relating to his conviction and parole denial are not actually authentic. In the absence of any evidence other than Jackson's speculation to support this claim, however, we must reject it. Moreover, to address the specific claim of futility as to exhaustion, it is clear the Parole Board believed it had made a decision denying Jackson's parole that could be appealed inasmuch as the Board instructed Jackson how to complete that appeal. <u>See</u> SR at 37 (letter to NahShon Jackson from Appeals Unit stating that it had received his Notice of Appeal, that he must submit "the document that perfects the appeal" by the deadline provided, and that it would "begin a review of the appeal as soon as possible" after that document was received). Indeed, Jackson was granted two extensions of time in which to file his administrative appeal. <u>See</u> SR at 54, 57 (letters to NahShon Jackson from the Appeals Unit granting extensions of time in which to perfect his administrative appeal). These documents reflect not only that there was a decision from which an appeal could be had but also that it would not have been futile to file an appeal.

   Jackson has offered no other reason for his failure to exhaust the available state remedies. Accordingly, the claims in this petition are unexhausted. There is no basis on which to stay the petition to allow exhaustion of these claims because the "stay and exhaust" procedure described by the Supreme Court in <u>Rhines v. Weber</u>, 544 U.S. 269, 275-76 (2005), applies only to "mixed" petitions (that is, petitions that contain both exhausted and unexhausted claims), <u>see id</u>. at 271,

11

and also because it is too late for Jackson to achieve exhaustion anyway.  Accordingly, the petition should be dismissed pursuant to 28 U.S.C. § 2254(b)(1)(a).

      B.      <u>Jackson's Other Requests</u>

In light of the dismissal of the petition, Jackson's request for interrogatories and document requests pursuant to Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts, <u>see</u> July 9 Letter, is moot.  We note that the discovery he requested has nothing to do with his failure to exhaust administrative remedies and rested on speculation.

Citing 28 U.S.C. § 2249, Jackson has also requested that the Respondent expand the state court record to include certified copies of his indictment, plea, and judgment.  <u>See</u> Reply to Respondent's Response to Petitioner's Request for Discovery and Preliminary Injunction, filed July 30, 2014 (Docket # 27), at 7.  However, section 2249 provides that these documents must be provided only if they are "material to the questions raised."  Here, these documents have no bearing on Jackson's failure to exhaust or, indeed, on the merits of his claims as to the denial of his parole.  Jackson also requested that the Respondent expand the state court record to include the sentencing minutes, based on Rule 5(c) of the Rules Governing Section 2254 Cases in the United States District Courts.  <u>See</u> <u>id.</u>  The sentencing minutes similarly have no relevance to Jackson's failure to exhaust or to the merits of his claims.

Jackson has repeatedly requested that the Court release him on bail pending the final resolution of this case.  <u>See</u> Petition at 5; May 25 Letter; June 8 Letter; June 17 Letter; June 24 Letter; July 1 Letter.  Although federal courts retain the power to grant bail to habeas petitioners, that power "is a limited one, to be exercised in special cases only."  <u>Mapp v. Reno</u>, 241 F.3d 221, 226 (2d Cir. 2001).  Moreover, "[t]he standard for bail pending habeas litigation is a difficult one to meet: The petitioner must demonstrate that the habeas petition raise[s] substantial

claims and that extraordinary circumstances exist[] that make the grant of bail necessary to make the habeas remedy effective." Id. (alterations in original) (quoting Grune v. Coughlin, 913 F.2d 41, 44 (2d Cir. 1990)) (quotation marks omitted).  Obviously, this standard has not been met here, and Jackson's request should therefore be denied.

      Finally, Jackson has also requested that the Court issue a preliminary injunction barring the Respondent from subjecting him to "arbitrary and retaliatory disciplinary actions." See PI Mot. at 1.  This motion apparently arises out of an incident in which Jackson alleges he was improperly disciplined.  See Declaration of NahShon Jackson (annexed to PI Mot.), ¶ 1.  This request for a preliminary injunction should also be denied for at least two reasons.  First, there is no relationship between the matters sought to be addressed in the petition and the relief Jackson seeks in the motion for a preliminary injunction — a necessary element to obtaining a preliminary injunction.  See, e.g., Devose v. Herrington, 42 F.3d 470, 471  (8th Cir. 1994) (per curiam) ("[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."). Second, the granting of a preliminary injunction always depends on the movant showing "either a likelihood of success on the merits or sufficiently serious questions going to the merits to make them a fair ground for litigation, with a balance of hardships tipping decidedly in the movant's favor," e.g., Doninger v. Niehoff, 527 F.3d 41, 47 (2d Cir. 2008) (citation omitted).  Here, Jackson cannot demonstrate any likelihood of success or serious questions favoring his position on the merits of the petition because the petition must be dismissed due to his failure to exhaust.

IV.     CONCLUSION

For the foregoing reasons, Jackson's petition for a writ of habeas corpus should be dismissed due to his failure to exhaust his claims. All of Jackson's other requests for relief, including his motion for a preliminary injunction (Docket # 24), should be denied.

## PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days including weekends and holidays from service of this Report and Recommendation to serve and file any objections. See also Fed. R. Civ. P. 6(a), (b), (d). Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with copies sent to the Hon. George B. Daniels at 500 Pearl Street, New York, New York 10007. Any request for an extension of time to file objections must be directed to Judge Daniels. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. See Thomas v. Arn, 474 U.S. 140 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010).

Dated: January 28, 2015
       New York, New York

                                                    _____
                                                    GABRIEL W. GORENSTEIN
                                                    United States Magistrate Judge

Copy mailed to:

Nahshon Jackson
95A2578
Sing Sing Correctional Facility
354 Hunter Street
Ossining, NY 10562

14